United States District Court
Southern District of Texas
**ENTERED**
April 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS TORRES GARCIA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 1:19-cv-058 |
| | § | |
| HARLINGEN COUNTY ET AL.,<br>    Defendants. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Jesus Torres Garcia's pro se Complaint, filed pursuant to 42 U.S.C. § 1983 (hereinafter, Garcia's "Complaint") and his corresponding Application to Proceed In Forma Pauperis. Dkt. Nos. 1, 2. For the reasons provided below, it is recommended that the Court **DISMISS** Garcia's Complaint as frivolous and for failure to state any claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. It is further recommended that the Court: (1) notify Garcia that the Court's dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g); (2) caution Garcia that the filing of frivolous, malicious, or legally groundless claims or lawsuits in the future may subject him to sanctions; (3) deny Garcia's Application to Proceed In Forma Pauperis (Dkt. No. 2) as moot; and (4) order the Clerk of Court to close this case.

## I. Jurisdiction

The events allegedly giving rise to this lawsuit occurred in this District, and this Court has jurisdiction because Garcia has alleged violations of federal law. *See* 28 U.S.C. §§ 1331, 1391(b)(2).

## II. Background and Procedural History

Garcia filed his Complaint in the Eastern District of Connecticut on February 19, 2019. Dkt. No. 1. The district court determined that, under 28 U.S.C. § 1391(b), venue was improper, and transferred the case to the Southern District of Texas. *See* Dkt. Nos. 6, 7. No court has issued process in this case. Garcia's Complaint is somewhat unclear, but appears to challenge the legality of: (1) his arrest, conviction, and current incarceration at the Connally Unit in Kenedy, Texas, and (2) some related immigration proceeding. In his Complaint, Garcia names as defendants the "City; Town or, municipality of Harlingen Co., Brownsville; Tx, 357th judicial dis. court and, its public defense office." Dkt. No. 1 at 3. (errors and formatting in original). As his basis for relief, Garcia writes:

> The state of Texas and its; city, town, or municipality, its 357th judicial district court and its public defenders office, all defendants violated my U.S. constitution rights and laws when defendants falsely and wrongly charged, tried, and illegally convicted me without evidences for rape or sexual assault, denied me court documents to appeal, inadequately represented me in trial court, and caused me physical, mental and, emotional distresses and, slandered my name and good reputation as well as set me up to be deported from United States of America after I became an American citizen.

Dkt. No. 1 at 4 (errors and formatting in original). Garcia "requests relief of illegal conviction; clear his conviction records, be given back all U.S. citizen rights, U.S. citizenship, and monetary damages[.]" *Id.* (errors in original).

### III. Discussion

Garcia seeks to proceed in this lawsuit without paying the applicable filing fee. *See* Dkt. No. 2. His Complaint is therefore subject to screening under 28 U.S.C. § 1915A, which provides:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)−(b).

Sections 1915A(b) and 1915(e)(2)(B) both allow for the sua sponte dismissal of a case if the Court determines that the Complaint is legally "frivolous" or that it "fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint fails to state a claim for relief if the plaintiff fails to allege facts that rise above the level of mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In conducting this analysis, an inmate's pro se pleadings are reviewed under a less stringent standard than those

drafted by attorneys, and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Although pro se pleadings are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citation omitted).

Under 42 U.S.C. § 1983, a party may bring a federal cause of action if they have suffered a deprivation, under color of law, of their rights, privileges, or immunities secured by the Constitution and laws of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994). Thus, to state a claim under § 1983, the plaintiff must allege facts showing that: (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999); *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980). Garcia has not identified the violation of any right actionable under 42 U.S.C. § 1983, nor has he alleged facts showing that he has suffered a deprivation under color of state law. Instead, his Complaint reiterates the legal conclusion that he has suffered some deprivation of various constitutional rights without providing any underlying factual basis or narrative to support his claims.

Further, in *Heck v. Humphrey*,[1] the Supreme Court determined that courts must dismiss complaints brought pursuant to 42 U.S.C. § 1983 where the action, if

---

[1] 512 U.S. 477, 486−87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

Here, parts of Garcia's Complaint seem to be predicated on claims that any or all of the defendants lied, presented false information, or omitted information during his criminal trial. *See* Dkt. No. 1, 1-1. A ruling in favor of Garcia would implicate the validity of both his conviction and present incarceration. Even assuming he had addressed the basic elements of a § 1983 claim, Garcia would then need to show that his conviction and sentence have been reversed, invalidated, or expunged. *Heck*, 512 U.S. at 486–87.

Garcia has not made such a showing. In his Complaint, Garcia avers that he has not "filed any other lawsuit in state or federal court relating to" the claims in his Complaint. Dkt. No. 1 at 2. Without any such filing, Garcia's conviction cannot have been reversed, invalidated, or otherwise expunged. Unless and until he receives a ruling declaring his conviction and sentence invalid, no action can accrue under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 488–89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) ("Because [the plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery and fails to state a claim upon which relief may be granted."). As a result, Garcia's claims for § 1983 relief are legally

frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2), 1915A(b).  *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

The Court also expresses doubt regarding whether any or all of Garcia's claims are cognizable as § 1983 claims.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also Skinner v. Switzer*, 562 U.S. 521, 524, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011).  Where a complaint alleges claims that sound in habeas corpus rather than § 1983, courts must dismiss the claim without prejudice rather than converting the underlying claims to a habeas corpus petition and addressing them on their merits.  *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *accord Heck*, 512 U.S. at 487.  Here, to the extent that Garcia believes his imprisonment is unlawful, his claims are not properly brought under § 1983.[2]

Having screened Garcia's Complaint as required by 28 U.S.C. §§ 1915(e)(2), 1915A, the Court finds it is frivolous, and fails to state any claim upon which relief can be granted.  Accordingly, the Complaint should be dismissed.

---

[2] The Court does not express any opinion regarding Garcia's likelihood of success if he were to pursue a petition for habeas corpus or other post-conviction relief.

## IV.  Recommendation

For the foregoing reasons, it is recommended that the Court **DISMISS** Garcia's Complaint (Dkt. No. 1) as frivolous and for failure to state any claim upon which relief can be granted. It is further recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), it is recommended that the Clerk of Court be instructed to send notice of the dismissal of this case to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov, and that the Court warn Garcia that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal if he files that action or appeal while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819 (discussing and applying 28 U.S.C. § 1915(b) to claims brought pursuant to 42 U.S.C. § 1983). It is further recommended that the Clerk of Court be directed to close this case.

## V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 24th day of April, 2019, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**