UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS TORRES GARCIA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-cv-00058 |
| | § | |
| HARLINGEN COUNTY, *et al.* | § | |
|    Defendants. | § | |

## ORDER

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R) (Docket No. 11). In response to the R&R, Jesus Torres Garcia ("Plaintiff") filed "Motion of Request That Lawsuit Be Sent Back to Hartford, Connecticut U.S. District Court For An [Sic] Ruling on Civil Action And to Appeal the Brownsville, TX Magistrate Judge's Recommendation As Well As To Add the U.S. Immigration As Defendant to Conspiracy" ("Plaintiff's Objections") (Docket No. 21). The Court liberally construes documents filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court will evaluate Plaintiff's Objections as (1) a Motion to Transfer Venue to the U.S. District Court for the District of Connecticut (2) a Motion to Add "U.S. Immigration"[1] as a Defendant and (3) objections to the R&R.

   A. Motion to Transfer Venue

Plaintiff requests this suit be transferred back to the U.S. District Court for the District of Connecticut. Docket No. 21 at 2. Plaintiff did not submit facts showing Connecticut is a proper venue for this suit. *See* 28 U.S.C. § 1391. Instead, Plaintiff merely concludes that "the venue in Connecticut is not improper." Docket No. 21 at 2. Such a conclusion cannot establish that the suit should be transferred back to Connecticut. Thus, Plaintiff's Motion to Transfer Venue to the U.S. District Court for the District of Connecticut is **DENIED**.

---

[1] Plaintiff does not specify which agencies he means by "U.S. Immigration". Out of an abundance of caution, the Court will construe this motion as a motion to add U.S. Immigration and Customs Enforcement ("ICE"), U.S. Citizenship and Immigration Services ("USCIS"), the U.S. Department of Homeland Security ("DHS"), and the U.S. Department of Justice ("DOJ") (collectively "Agencies").

1

B. Motion to Add U.S. Immigration as Defendant

While the title of Plaintiff's Objections mentions adding "U.S. Immigration as Defendant to Conspiracy", *Id.* at 1, Plaintiff's Objections do not reference any immigration dispute whatsoever. Thus, Plaintiff did not submit facts demonstrating why any of the Agencies should be added as a defendant. Plaintiff's Motion to Add a Defendant is **DENIED**.

C. Objections to the R&R

Plaintiff's Objections do not raise any legal argument or factual dispute detailing why the R&R is incorrect. Instead, Plaintiff merely concludes many of his constitutional rights were violated without stating a legal or factual basis for said conclusion. *See* Docket No. 21 at 1–3.

After a *de novo* review of the file, Plaintiff's Objections are **OVERRULED**. The R&R is **ADOPTED,** and Plaintiff's claims are **DISMISSED WITH PREJUDICE** as frivolous. The Clerk of Court is **ORDERED** to send this notice of dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov. If Plaintiff accumulates three strikes, Plaintiff may not proceed *in forma pauperis* in any civil action filed while Plaintiff is incarcerated or detained unless Plaintiff is under imminent danger of serious physical injury. The Clerk of Court is also **ORDERED** to close this case.

Signed on this 5th day of September, 2019.

Rolando Olvera
United States District Judge

2